IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE DAWKINS, #245667          *
RANDOLPH PALMER, #313265
           Plaintiffs,           *

v.                               *   CIVIL ACTION NOS. CCB-06-3361
                                                                        CCB-06-3395
WARDEN ROBERT KOPPEL, et al.     *
           Defendants.
                                *****

## MEMORANDUM

      Plaintiffs' 42 U.S.C. §1983 civil rights actions were received for filing on December 15, 2006, and December 19, 2006, respectively. Both complaints raised damage claims against the same defendants regarding the alleged failure to provide Plaintiffs their Ramadan feast meal of Eid ul-Fitr on October 24, 2006, while confined on Maryland Correctional Institution-Jessup ("MCIJ") disciplinary segregation. The cases were consolidated for all purposes.[1]

      Defendants' motion to dismiss or in the alternative, motion for summary judgment remains unopposed as of the within signature date.[2] Paper No. 20. The case may be determined without oral argument. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, defendants' dispositive filing, treated as a motion for summary judgment, shall be granted.

      Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[1] Plaintiff Palmer also claims that he opted out of receiving the regular dinner meal on the evening of October 24, 2006, so as not to "forfeit" his feast meal. He alleges that when he was later informed that disciplinary segregation inmates were excluded from the feast meal and he asked to be provided the basic dinner meal, he was informed that there was "no more food left for the regular feed lines...." Palmer asserts that he was not fed at all that evening.

[2] Plaintiffs were afforded notice of defendants' dispositive filing and of their right to file opposition materials pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Paper No. 21

>issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

>By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681 (4th Cir. 2005).

Defendants argue, through the affidavit of MCIJ Administrative Remedy Coordinator Bertina M. Wilson, that this consolidated case should be dismissed for plaintiffs' failure to exhaust administrative remedies ("ARPS"). The court agrees. This complaint falls under the exhaustion prerequisites of § 1997e(a), and plaintiffs' claims must be dismissed unless they can show that they satisfied the administrative exhaustion requirement or that defendants have forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).[3]

Plaintiffs do not oppose the exhaustion argument contained in defendants' motion to dismiss or for summary judgment. In their original complaints, however, plaintiff Dawkins claims that he

---

[3] Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d 523, 529 (D.Md. 2003).

did not file an ARP because the forms were not available to segregation inmates, while plaintiff Palmer claims that he did not file a grievance out of concern that it would be tampered with by an MCIJ officer. The court finds these arguments unavailing.

The requirement for exhaustion of administrative remedies can be either statutorily or judicially imposed. Statutory exhaustion requirements are mandatory, while the judicial, or common-law, exhaustion doctrine is discretionary and includes a number of exceptions. *See Beharry v. Ashcroft*, 329 F.3d 51, 56-57 ($2^d$ Cir. 2003). In *Booth v. Churner*, 532 U.S. 731 (2001) the Supreme Court expressly found that Congress had statutorily mandated exhaustion under 42 U.S.C. § 1997e(a) and "we will not read futility or other exceptions into statutory exhaustion requirements...." *Id*. at 741 n.6.

According to defendants, prior to filing this case plaintiff Palmer made no attempt to exhaust his remedies. Paper No. 20, Exs. 2 & 4 at Wilson & Oakley Decls. Plaintiff Dawkins did file an ARP with regard to his feast meal, but it was filed on December 13, 2006, almost two months after the incident, and was dismissed as untimely. *Id*., Exs. 2 at Wilson Decl.; Ex. 3. Defendants assert that there is no problem for MCIJ segregation inmates to file ARPS as several MCIJ segregation inmates filed ARPs during the same time period. Paper No. 20, Ex. 2 at Wilson Decl. Indeed, it remains unrefuted that plaintiff Dawkins filed two ARPs in early November of 2006, related to property and parole issues. *Id*. His protestations to the contrary, Dawkins did have access to ARPS during the time of the incident. In any event, there is no evidence that Dawkins exhausted his remedies to Division of Correction Headquarters[4] or to the Inmate Grievance Office. *Id*., Ex. 4 at

---

[4] Under Division of Correction Directive 185-305, an inmate may submit a request for an administrative remedy to Headquarters if he has reason to believe that knowledge of the complaint among staff or inmates would result in his irreparable harm.

Oakley Decl. Therefore, plaintiffs' consolidated complaint is subject to dismissal for non-exhaustion. A separate Order follows.

| | |
|---|---|
| __July 26, 2007__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |